## CIRCUIT COURT OF LOUDOUN COUNTY

Arnulfo Alfaro-Molina

    v.

McGee's Crane Rental, Inc.,
and Carl Pearson

March 13, 2007

Case No. (Law) 33528

BY JUDGE THOMAS D. HORNE

Defendants, Carl Pearson and McGee's Crane Rental, Inc., contend the exclusivity provisions of the Virginia Workers' Compensation Act bar the plaintiff's instant common law negligence action. Plaintiff, an employee of a framing contractor retained in connection with the construction of a residence, was injured when he fell during the placement of roof trusses. Defendants are the owner and operator of a crane being used to position the trusses.

At the time of his fall, plaintiff was assisting in the positioning of the roof trusses.

The outcome of the instant plea is controlled by the holding in *Rea, Administrator v. Ford*, 198 Va. 712 (1957), and *Whalen v. Dean Steel Erection Co.*, 229 Va. 164 (1985). While the plaintiff suggests the holding in *Kramer v. Kramer*, 199 Va. 409 (1957), is apposite to the facts of this case, the Court disagrees. In the instant case, unlike the crane operator in *Kramer*, there were not two separate and distinct contracts between owner and the subcontractors performing carpentry and truss work. NV Homes contracted with DLW to frame the home, and DLW contracted with defendant, McGee's Crane Rental, to assist in lifting the trusses and plywood necessary to completion of the framing contract.

Mr. Pearson was not an "other party" or "stranger" to the employment and work of the plaintiff, such that the instant action may be maintained

against him or his employer. As in *Ford*, 198 Va. at 717, in furnishing the crane and operator, McGee's was engaged in an essential part of the work the framing contractor had agreed to do.

Accordingly, Mrs. Bardot may draw a final order in this case, sustaining the Plea in Bar and dismissing the cause.